IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| QUAD INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-674-N |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On November 6, 2012, the court entered an Order to Show Cause (doc. 3) why the fictitious defendant should not be stricken. Plaintiff filed a Response (doc. 4).

As previously noted in the court's order, fictitious party pleading is not generally permitted in federal court. *See, e.g.*, New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997); Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); *see also* Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (recognizing limited exception to general rule); Moulds v. Bullard, 345 Fed.Appx. 387, 390 (11th Cir. 2009)(same). Plaintiff filed this complaint against a single fictitious defendant, with no named defendant, and seeks limited discovery to determine the real name of that party.

In its response, plaintiff's counsel asserts that the Eleventh Circuit approved fictitious party practice for the instant situation in *Dean*. Counsel misconstrues the Dean court's reference to Bryant v. Ford Motor Co., 832 F.2d 1080, 1096 n.19 (9th Cir. 1987). In Dean, the Court considered a former inmate's use of a "John Doe" defendant in his proposed amendment to his §1983 complaint, where the *pro se* plaintiff described the unnamed defendant in highly specific terms but did not know the name of the official.

Dean, 951 F.2d at 1215-16.  In the relevant passage in Dean, the panel quoted a portion of Bryant which discussed the need to "distinguish suing fictitious parties from real parties sued under a fictitious name."  Id., at 1215-16 (*quoting* Bryant).  The quoted language from Bryant described both situations.  Id.  The panel did not purport to adopt the holding reached in Bryant[1], or to hold that fictitious party practice was generally available in all situations in which a plaintiff sought to sue a real but unknown person; that issue was not before the Court at that time and such a holding would have constituted a much greater exception to the general rule against fictitious party practice than the panel was prepared to adopt.  Rather, the panel found a narrow exception: the Court noted plaintiff's *pro se* status and the named defendants' failure to file their special report (which would have allowed plaintiff to include the new defendant's name), but principally relied on the thoroughness of the description given by plaintiff.  "Dean attempted to add as a defendant the 'Chief Deputy of the Jefferson County Jail'-what Alabama calls the Chief Correctional Officer."  Id.  The Court held that plaintiff had provided a description which was all but complete, and characterized the use of the name "John Doe" as being "at the very worst, surplusage."  Id. at 1215 n.6; *see* Richardson, 598 F.3d at 738 (Dean created "limited exception…when the plaintiff's description of the defendant is so specific as to be 'at the very worst surplusage.'").

       The Eleventh Circuit has never recognized an exception to the general rule against fictitious party practice which would apply to the instant action.  Plaintiff has provided

---

[1] Indeed, in its response to the court's show cause order, plaintiff strenuously argues against this court adopting the Bryant holding. *See* doc. 4 at 2 n.1 (Bryant "is inapplicable for two reasons. First, its analysis focused on whether the assertion of a claim against a Doe Defendant defeated diversity jurisdiction. Here, there is federal question jurisdiction, so diversity analysis does not apply. Second, *Bryant* is a Ninth Circuit case, **and is thus of little precedential value to this Court's analysis of the exceptions under which a Doe Defendant may be named**.").

substantially all of the identifying information which it has in its possession, but unlike the situation in Dean, that information is not sufficient, without more, to identify the defendant or to allow service of process on the defendant.

Plaintiff has failed to demonstrate that the courts of this Circuit would allow use of a "John Doe" defendant under those circumstances, particularly in the absence of at least one non-fictitious defendant upon whom service may issue. Nonetheless, the court is aware that some courts in other circuits have allowed such cases to proceed. While it is not the responsibility of this court to make such an argument for the plaintiff, it is within the court's discretion to allow plaintiff an additional opportunity to brief that matter rather than immediately striking the fictitious party and, in the absence of any non-fictitious party, dismissing the complaint. Plaintiff may thus seek to brief the state of the law on this issue and to demonstrate that the courts of this Circuit should adopt a similar exception to the general rule precluding fictitious party practice.

Accordingly, it is hereby ORDERED that, no later than November 28, 2012, plaintiff shall SHOW CAUSE why the fictitious party, "John Doe," should not be stricken from the complaint and the complaint dismissed.

DONE this the 13th day of November, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE